IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division



RAY ELBERT PARKER, )
 )
    Plaintiff, )
 )
v. ) Civil Action No. 1:12-cv-1152
 )
WILLIAM D. EUILLE, et al., )
 )
    Defendants. )

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Gregory A. Whirley's Motion to Dismiss, Defendant William D. Euille's Motion to Dismiss, Defendants Ray LaHood and Victor M. Mendez's Motion to Dismiss, and Plaintiff Ray Parker's appeal from the Magistrate Judge's Order dated December 20, 2012.

Plaintiff Ray Parker, proceeding pro se, alleges seven counts in his Amended Complaint filed on October 23, 2012. Plaintiff seeks $2,000,000 in punitive damages, prospective damages, relocation assistance, as well as declaratory and injunctive relief preventing the Virginia Department of Transportation's ("VDOT") sale of Hunting Point. These allegations challenge the constitutionality of the Woodrow Wilson Bridge Project and the effects of the project on Plaintiff's tenancy in Hunting Point properties ("Hunting Point"), located in Alexandria, Virginia. Plaintiff names the

1

following as defendants in their individual capacity: William D. Euille, Mayor of the City of Alexandria; Gregory A. Whirley, Commissioner of the Commonwealth of Virginia Department of Transportation; Ray LaHood, Commissioner of the United States Department of Transportation; and Victor M. Mendez, Administrator of the United States Department of Transportation. Plaintiff is, and at all times relevant to this case, a tenant of Hunting Point.

Plaintiff alleges, "reverse discrimination, denial of individual and class constitutional and civil rights, and gentrification of the City of Alexandria by Federal, Local Government, and the Virginia Department of Transportation" under a litany of statutes and Constitutional amendments. Two such statutes cited are 42 U.S.C. § 1983 and 42 U.S.C. § 4601. Plaintiff's Complaint makes blanket allegations that Defendants are in violation of his constitutional and statutory rights.

A letter was sent to residents of Hunting Point as a courtesy on March 29, 2012 informing them that the Virginia Department of Transportation would be accepting expressions of interest to purchase the property in the near future. Additionally, the memo provided that, "Depending on the information received, VDOT's sale could occur between August and December of this year." On October 4, 2012, residents were notified by letter that a buyer had been selected for Hunting

Point who would be conducting on-site inspections as part of their due diligence. The management company also expressed in this letter that they will, "…continue to provide further notices to each resident as the process continues." At this time, Hunting Point has not been sold and Mr. Parker has not been evicted.

Article III of the Constitution limits the federal courts to adjudication of actual cases or controversy. Doctrines arising out of Article III such as standing, mootness and ripeness are closely related, as they are, "simply subsets of Article III's command that the courts resolve disputes, rather than emit random advice." Bryant v. Cheney, 924 F.2d 525, 529 (4th Cir. 1991). "Plaintiff's personal stake in the outcome (standing) is directly limited by the maturity of the harm (ripeness)." Doe v. Duling, 782 F.2d 1202, 1206 n.2 (4th Cir. 1986).

To show a Plaintiff has standing, the Plaintiff must establish: (1) that he has suffered an injury in fact that is both concrete and particularized, and is actual or imminent; (2) there is a causal connection between the injury and the conduct complained of (e.g., the injury is fairly traceable to the challenged action of the defendant); and (3) it must likely be redressed by a favorable decision from the court. Lujan v. Defenders of Wildlife, 504 U.S. 555, 590 (1992). To show an

3

injury in fact, plaintiff's complaint must establish that he has a "personal stake" in the alleged dispute and that the alleged injury suffered is particularized as to him. Lujan, 504 U.S. at 560-61. In addition, the injury or threat of injury must be both "real and immediate," not "conjectural" or "hypothetical." Bryant 924 F.2d at 529.

In this case, Plaintiff still resides in Hunting Point and has neither been displaced nor evicted. There is no allegation that Plaintiff has suffered any concrete or actual injuries to date from the prospective sale of Hunting Point or as a result of the Woodrow Wilson Bridge project. Plaintiff's alleged injuries are prospective and conditional on future events that may never transpire. Because Plaintiff still resides in Hunting Point he has not made the requisite showing that he has suffered any concrete or particularized injury.

Moreover, the Complaint does not specify a single act against any of the defendants that has caused him any particular injury. Prong two of the standing inquiry has not been satisfied either. No causal connection exists between the alleged injury and any personal acts undertaken by any of the defendants. No facts have been pled to show actual or imminent injury is linked to the defendants.

Another reason that Defendants' Motion to Dismiss should be granted is the doctrine of ripeness. "A claim is not ripe for

adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 300 (1998). The Plaintiff here alleges that when VDOT sells Hunting Point to a buyer at some undefined point in the future, he *may* be displaced or evicted *if* the buyer so decides. Plaintiff's injuries are speculative at best because VDOT has not sold Hunting Point and there is no evidence Plaintiff will be subject to the injuries he claims. As a result, Plaintiff's claims are speculative and contingent on the occurrence of future events therefore the claims are not ripe for judicial review. There being no actual case or controversy in this matter, Defendants' Motions to Dismiss should be granted.

Regarding Plaintiff's appeal of the Magistrate Judge's Order dated December 20, 2012, this Court did not find the decision to be clearly erroneous nor contrary to law. Magistrate Judges are authorized to preside over any non-dispositive matter pending before this Court pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Local Rule 7(E). A motion for contempt and interference with process is not a dispositive issue of the case. In this instance, the whole case was not referred to the Magistrate Judge. Rather, this was a delegation of a non-dispositive motion to a Magistrate Judge and is proper under Federal Rule of Civil

Procedure 72. Accordingly, Federal Rule of Civil Procedure 73 "Magistrate Judges: Trial by Consent; Appeal" is inapplicable as the Magistrate Judge was not sitting in lieu of a District Judge.

For the foregoing reasons, Defendants' Motions to Dismiss should be GRANTED and Plaintiff's Motion DENIED.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
January 31, 2013